# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Samantha M. Gregory<br><br>　　　　　　　　Debtor(s) | Chapter 13<br><br>Case No. 24-13129 AMC |
| PENNYMAC LOAN SERVICES, LLC<br>　　　　　　　　Movant<br>　v.<br>Samantha M. Gregory<br>and<br>Kenneth E. West, Trustee<br>　　　　　　　　Respondents | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**AS TO PROPERTY LOCATED AT 19 JESTER LANE, LEVITTOWN, PA 19055-2319**

PENNYMAC LOAN SERVICES, LLC ("Movant") hereby moves the court, pursuant to 11 U.S.C. § 362(d), for relief from the automatic stay with respect to certain real property of the Debtor(s) having an address of 19 Jester Lane, Levittown, PA 19055-2319 (the "Property"), for all purposes allowed by the Note (defined below), the Mortgage (defined below), and applicable law, including but not limited to the right to foreclose.  In further support of this Motion, Movant respectfully states:

　　1.　　A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on September 5, 2024.

　　2.　　Prior to the filing of the instant Chapter 13 case, Movant initiated a Foreclosure proceeding which had reached the sale stage at the time the bankruptcy was filed.

　　3.　　The Chapter 13 Plan was confirmed on April 1, 2025.

　　4.　　A Proof of Claim was filed under claim number 8-1 in the amount of $188,947.14, including pre-petition arrears in the amount of $42,710.49.

　　5.　　The Debtor executed and delivered or is otherwise obligated with respect to that certain promissory note in the original amount of $214,051.00 (the "Note").  A copy of the Note is attached hereto as **Exhibit A**.  Movant is an entity entitled to enforce the Note.

　　6.　　Pursuant to that certain Mortgage dated May 17, 2016, and recorded in the office of the county clerk of Bucks County, Pennsylvania (the "Mortgage"), all obligations (collective, the "Obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property.  A copy of the Mortgage is attached hereto as **Exhibit B**.

　　7.　　All rights and remedies under the Mortgage have been assigned to the Movant pursuant

to an assignment of mortgage. A copy of the Assignment of Mortgage is attached hereto as **Exhibit C**.

8. Copies of Loan Modification Agreement dated May 24, 2018, and recorded July 12, 2018; Loan Modification Agreement dated September 16, 2020, and recorded January 21, 2021; and Loan Modification Agreement dated March 29, 2022, and recorded June 21, 2022 are attached hereto as **Exhibit D**.

9. PennyMac Loan Services, LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property the foreclosure will be conducted in the name of the Movant. Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or the beneficiary of the assignee of the mortgage or deed of trust.

10. As of December 23, 2025, outstanding Obligations are $183,774.41.

11. The following chart sets forth the number and amount of post-petition payments due pursuant to the Note that have been missed as of December 23, 2025.

| # of Missed Payments | From: | To: | Monthly Payment | Total |
|---|---|---|---|---|
| 2 | 11/1/25 | 12/1/25 | $1,417.58 | $2,835.16 |
| Less Post-Petition Partial Payments (Suspense Balance): | | | | $-1,321.80 |
| TOTAL: | | | | $1,513.36 |

12. As of December 23, 2025, the total post-petition arrearage/delinquency is $1,513.36.

13. The amount of the next monthly payment due under the terms of the Note and Mortgage is $1,417.58 and will come due on January 1, 2026.

14. Cause exists for relief from the automatic stay for the following reasons:

    a. Payments required under the Note and Mortgage have not been made to the Movant.

    b. Movant's interest in the property is not adequately protected.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay of 11 U.S.C. §362(a) for all purposes allowed by the Note, the Mortgage, and applicable law, including but not limited to allowing the Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Fed. R. Bankr. P. 4001(a)(4) be waived.

4. For such other Relief as the Court deems proper.

5. Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. R. Bankr. P. 3002.1 in the instant bankruptcy case.

|  |  |
|---|---|
|  | /s/ Karina Velter, Esquire |
| Dated: January 20, 2026 | POWERS KIRN, LLC<br>Jill Manuel-Coughlin, Esquire ; ID 63252<br>Harry B. Reese, Esquire; ID 310501<br>Karina Velter, Esquire; ID 94781<br>8 Neshaminy Interplex, Suite 215<br>Trevose, PA  19053<br>215-942-2090 phone; 215-942-8661 fax<br>Email:  bankruptcy@powerskirn.com<br>Attorney for Movant |